UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

M.B. individually and on behalf of K.B., a child with a disability,

         *Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

         *Defendant*.

COMPLAINT

Case No.

---

M.B., individually and on behalf of K.B., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code Section 1983 to redress the denial to Plaintiff by Defendant of protected liberty interests and rights without due process of law, or in the alternative an action pursuant to the enforcement provision of the IDEA, 20 U.S.C. § 1415(i)(3).

3. Plaintiff M.B. and K.B. reside in the County of Kings, State of New York.

4. K.B. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

5. M.B. is the parent of K.B. as defined by IDEA 20 U.S.C. § 1401(23).

6. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the

applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Jurisdiction for the enforcement of the Findings of Fact and Decision under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND – CASE NO. 194549

10. The Defendant's principal office is located at 52 Chambers Street, New York, NY 10007.

11. K.B. was born in 2001.

12. K.B. was classified as a student with a disability of speech-language impairment by Defendant's Committee on Special Education (CSE).

13. By due process complaint (DPC) to the Defendant dated June 21, 2020, Plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

14. The matter was assigned case number 194549.

15. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide Plaintiff K.B. with a free appropriate public education (FAPE) pursuant to IDEA during the 2020-2021 school year.

16. As relief, Plaintiff's DPC demanded, among other things, an independent vocational assessment, extended school year services, compensatory instruction, and the cost of tuition for K.B.'s attendance at Winston Preparatory School for the 2020-2021 school year.

17. Defendant failed to issue a Due Process Response to the DPC.

18. The Defendant appointed Gary D. Peters, Esq., as impartial hearing officer (IHO) on June 23, 2020.

19. Defendant failed to hold a mandatory resolution session on this matter.

20. On September 8, 2020, Defendant referred this matter for settlement.

21. On September 14, 2020, a prehearing conference was held.

22. Defendant did not attend the prehearing conference.

23. Plaintiff's counsel submitted all documents requested by Defendant for settlement purposes on October 27, 2020.

24. Status conferences were held on November 4, 2020; December 17, 2020;

25. Defendant did not attend the December 17, 2020, status conference and did not provide an update on the status of settlement to Plaintiff or Plaintiff's counsel prior to the status conference.

26. During the December 17, 2020, status conference IHO Peters scheduled a hearing on the merits for February 10, 2021.

27. On February 2, 2021, Plaintiff's counsel sent correspondence to a Department Representative inquiring about the Department's position on the parties preparing a Statement of Agreement and Order in lieu of proceeding with the hearing on the merits on February 10, 2021. Defendant's Representative informed Plaintiff's counsel that Defendant would not settle the matter prior to the February 10, 2021, hearing date and would not be defending the appropriateness of the program Defendant offered K.B. for the 2020-2021 school year.

28. In response to this communication with Defendant on February 2, 2021, Plaintiff's counsel prepared the Parent's case for hearing on the February 10, 2021, hearing date to address the remaining issues including whether the program the M.B. unilaterally placed K.B. is appropriate, whether the equities favor the tuition sought by M.B., and the appropriateness of the compensatory instruction and independent assessment sought by M.B.

29. A hearing was held on February 10, 2021.

30. Parent entered fourteen (14) documentary exhibits into evidence and presented testimony from three witnesses: a representative of K.B.'s nonpublic school that K.B. attended for the 2020-2021 school year, a licensed behavior analyst, and Plaintiff M.B. Defendant did not cross-examine any of Plaintiff's witnesses.

31. On April 1, 2021, IHO Peters issued a findings of fact and decision (FOFD).

32. In the FOFD, IHO Peters ordered Defendant to pay K.B.'s tuition for Winston Preparatory School for the 2020-2021 school year including reimbursement to M.B.

for out-of-pocket tuition payments and to fund an independent vocational assessment of K.B.

33. Defendant has not complied with the terms of the FOFD, as the Defendant failed to issue an authorization to fund the independent vocational assessment

34. As a result of Defendant's failure to comply with the FOFD, the vocational assessment has not been conducted and K.B.'s needs in this area remain unmet.

35. On December 27l 2021, Plaintiff, through her counsel, submitted a demand for attorneys' fees and costs incurred at the administrative hearing to Defendant's Office of Legal Services.

36. On January 18, 2022, Defendant assigned Attorney Armelle Hillman to Plaintiff's fee demand.

37. As of the date of this complaint, Defendant has failed to substantively respond to Plaintiff's fee demand.

FIRST CAUSE OF ACTION

38. Plaintiffs repeat and reallege paragraphs 1 through 37 as if more fully set forth herein.

39. The Defendant has not complied with the terms of the IHO's order in case number 194549 as Defendant failed to fund the independent vocational assessment pursuant to the FOFD.

40. As a result of Defendant's failure to comply with the FOFD, Plaintiff K.B. has not been evaluated in this area, leaving his needs unmet.

41. Defendant has, under color of law, deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the

IDEA, by failing to implement the IHO's order.

42. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); *contra A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

43. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including that the Defendant immediately issue an authorization to fund the independent vocational assessment.

SECOND CAUSE OF ACTION

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as if more fully set forth herein.

45. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

46. The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See, e.g.*, *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the

violation of rights under the IDEA").

47. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiff seeks an order pursuant to the IDEA's own enforcement authority directing that Defendant comply immediately with all the terms of the IHO's order.

48. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including that the Defendant immediately issue an authorization to fund the independent vocational assessment.

THIRD CAUSE OF ACTION

49. Plaintiffs repeat and reallege paragraphs 1 through 48 as if more fully set forth herein.

50. Plaintiff M.B. initiated an impartial hearing on behalf of K.B. under case number 194549.

51. Plaintiff M.B. prevailed in the underlying proceedings.

52. Plaintiff M.B. prevailed in the underlying proceedings by obtaining a Findings of Fact and Decision from the impartial hearing officer ordering the relief demanded by Plaintiff.

53. Plaintiff M.B. having prevailed in the underlying proceedings hereby seeks reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

54. Plaintiff having received no payment or reasonable offer for resolution of Plaintiff's fee demand as of the date of this complaint hereby seeks to invoke the Court's discretion to award prejudgment interest at the prevailing federal prime rate.

55. Prejudgment interest is calculated as: Principal x Annual Rate x (Number of Days / 365). *Makinen v. City of New York*, No. 11-cv-07535, 2016 WL 1451543 *11 fn. 5 (S.D.N.Y. Apr. 12, 2016).

56. As of the date of this complaint, the prevailing federal prime rate is 3.25%.

57. There have been two hundred and thirteen (213) days from the Plaintiff's fee demand up to the date of this complaint.

58. As of the date of this complaint, $544.95 in potential prejudgment interest has accrued.

59. Pursuant to 28 U.S.C. § 1961, the Plaintiff seeks postjudgment interest to deter any further delay of payment by the Defendant following any judgment.

    WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Assume jurisdiction over this action;

(2)     Issue an order directing the Defendant to comply with the IHO's FOFD to immediately issue pan authorization to fund the independent vocational assessment with Kid Success, Inc., at a rate of $1,200.00;

(3)     Award to Plaintiff M.B. the costs, expenses, and attorneys' fees for the administrative proceeding in the matter of K.B. pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(4)     Award to the Plaintiff M.B. the costs, expenses, and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988, together with both prejudgment and postjudgment interest thereupon; or in the alternative award to Plaintiff M.B. the costs, expenses, and attorneys' fees of this action pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(5)     Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
       July 28, 2022                       Yours etc.,

                                              s/ Erin E. Murray
                                              CUDDY LAW FIRM, PLLC
                                              Erin E. Murray, Esq.
                                              *Attorneys for Plaintiffs*
                                              5693 South Street Road
                                              Auburn, New York 13021
                                              (315) 370-4020
                                              emurray@cuddylawfirm.com