UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
M.B. *et al.*,                                                          :
                                                                        :
              Plaintiffs,                        :
                                                                        :    22 Civ. 6405 (JPC) (SN)
           -v-                                                       :
                                                                        :             ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,                                  :
                                                                        :
              Defendant.                         :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff M.B., individually and on behalf of a child with a disability, brings this action under the Individuals with Disabilities Education Act ("IDEA") seeking an order directing Defendant New York City Department of Education to comply with an independent hearing officer's April 1, 2021 finding of fact and decision and awarding the costs, expenses, and attorneys' fees incurred in the administrative proceeding and in this action. Dkt. 1 at 8. On January 17, 2023, the undersigned referred this case the Honorable Sarah Netburn for general pretrial supervision. Dkt. 16. On March 24, 2023, Defendant moved for a stay of this matter pending the Second Circuit's decision in *H.C. v. New York City Department of Education*, No. 21-1582 (2d Cir.)—a consolidation of tandem appeals from other cases brought by Plaintiffs' counsel, the Cuddy Law Firm ("CLF"). Dkt. 25. Judge Netburn denied the stay, reasoning "[t]his Court cannot predict with any certainty when the Court of Appeals will issue a decision on the related tandem appeals, and delay unnecessarily burdens Plaintiffs' counsel." Dkt. 27. Defendant filed a timely objection to Judge Netburn's Order pursuant to Federal Rule of Civil Procedure 72(a). Dkt. 28.

       When a party objects to a non-dispositive order of a magistrate judge, the district court may only set the order aside if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An

order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

Under the "traditional standard for a stay," a court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (internal quotation marks omitted). "District courts have broad discretion in deciding whether to grant a motion to stay." *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 71 (S.D.N.Y. 2015) (collecting cases); *see also Caldwell v. City of New York*, No. 21 Civ. 6560 (LJL) (SDA), 2023 WL 2584205, at *3 n.6 (S.D.N.Y. Mar. 21, 2023).

The issues pending before the Second Circuit in *H.C.* include (1) interpreting the interplay between 20 U.S.C. §§ 1415(i)(3)(C), (F), and (G) to determine whether a school district's unreasonable protraction of a final resolution of an action or proceedings under the IDEA requires a full award of fees sought, and (2) the appropriate rates that CLF specifically should be awarded for its work in IDEA fees cases, including whether fee awards that judges of this District have granted CLF are too low. In *Y.S. v. New York City Department of Education*, No. 21 Civ. 5878 (JPC) (S.D.N.Y.), another case brought by CLF seeking fees pursuant to section 1415(i)(3), the undersigned granted a stay, upon determining that the plaintiffs' pending motion for fees would implicate legal issues that are substantially identical to those pending in *H.C. Id.*, Dkt. 62 at 4-6.[1]

---

[1] On April 3, 2023, the undersigned directed Plaintiffs to address whether this case is distinguishable from *Y.S.* and whether their anticipated motion for fees would implicate legal issues currently on appeal in *H.C.* Dkt. 30 at 3. Plaintiffs responded on April 6, 2023. Dkt. 32.

If considered in the first instance, the undersigned might have granted a stay pending the Second Circuit's decision in *H.C.*, as it did in *Y.S.* But the review of Judge Netburn's Order is not *de novo*; it is whether that order was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Judge Netburn's denial of a stay was neither. Among the relief sought by Plaintiffs in this case is an order directing Defendant to comply with the independent hearing officer's April 1, 2021 finding of fact and decision, Dkt. 1 at 8, an issue which would not be impacted by the Second Circuit's resolution of *H.C.* Nor is it clear to what extent the parties in this case will litigate the question of whether Defendant unreasonably protracted the final resolution of this matter. *See* Dkt. 32 at 2. As noted, one of the issues before the Second Circuit in *H.C.* is whether the IDEA requires a full award of fees sought when a school district unreasonably protracted a final resolution of an action or proceedings. Judge Netburn's decision also was not contrary to law given the broad discretion afforded to judges in deciding whether to issue a stay and the denial of a stay pending *H.C.* in at least one other case in this District. *See* Order, *E.W. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 11208 (VEC) (GWG) (S.D.N.Y. Apr. 6, 2023), Dkt. 48; *see also id.* Dkt. 53 (overruling the defendant's objection and affirming the decision of the magistrate judge to deny a stay pending *H.C.*).

Accordingly, in light of the broad discretion afforded to judges when deciding motions to stay and the standard under Rule 72(a) for a district judge's review of a magistrate judge's non-dispositive order, Defendant's objection to Judge Netburn's Order is overruled.

SO ORDERED.

Dated: April 20, 2023
      New York, New York

                                            JOHN P. CRONAN
                                     United States District Judge